IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CANAL STREET FILMS, INC.,
a California corporation,

    *Plaintiff*,

v.

JOHN DOE 2,

    *Defendants*.

Civil Action Number:

## MOTION TO TAKE PRELIMINARY DISCOVERY

COMES NOW THE PLAINTIFF IN THE ABOVE-STYLED ACTION AND FILES THIS, ITS MOTION TO TAKE PRELIMINARY DISCOVERY, and respectfully moves this Court for an Order allowing limited, preliminary discovery, showing as follows:

1.

This is a case for remedies arising from copyright infringement. The Defendants are five unknown persons who all used Comcast cable internet to engage in the illegal download and theft of Plaintiff's intellectual property, the film *Scary or Die*. Pursuant to this Court's order, this cause is against one of those Does only.

2.

Plaintiff does not and cannot yet know the identities of those Defendants, as the only information it has available is the internet protocol (IP) addresses of the Defendants at the time they engaged in the subject copyright infringement. *See* Complaint, ¶¶3, 7.

3.

Although discovery is usually only permitted after the Court enters its initial scheduling order, Fed. R. Civ. P. 26, the Federal Rules of Civil Procedure clearly allow limited discovery on a showing of need and by order of the court. Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

4.

Plaintiff cannot identify the Defendants in this case at a level sufficient to move this case forward without taking discovery from Comcast, the Defendants' internet service provider. Simply, although Plaintiff's rights have been undeniably infringed, in the absence of preliminary discovery, Plaintiff will not be able to prosecute this case and protect its rights.

5.

The only discovery Plaintiff anticipates is a subpoena pursuant to Fed. R. Civ. P. 45 and deposition on written questions (Fed. R. Civ. P. 31) on the Comcast entities that served as internet service providers for the IP addresses at issue during the time in question.

WHEREFORE, THE PLAINTIFF, Canal Street Films, Inc., prays for a motion allowing it to take preliminary discovery to ascertain the identities of this Defendant, and for such other and further relief as this Court deems equitable and just.

Respectfully submitted, this the 5th of December, 2013.

/s Christopher Scott Badeaux            .
Christopher Scott Badeaux
Georgia Bar No. 030769
The Badeaux Law Firm, LLC
1400 Marketplace Blvd.
Suite 112
Cumming, Georgia 30041
(404) 919-3139
christopher.badeaux@badeauxlawfirm.com