UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CANAL STREET FILMS, INC., <br> Plaintiff, <br> v. <br> JOHN DOE 2, <br> Defendant. | CIVIL ACTION <br> No. 1:13-cv-4043-SCJ |
| CANAL STREET FILMS, INC., <br> Plaintiff, <br> v. <br> JOHN DOE 3, <br> Defendant. | CIVIL ACTION <br> No. 1:13-cv-4044-SCJ |
| CANAL STREET FILMS, INC., <br> Plaintiff, <br> v. <br> JOHN DOE 4, <br> Defendant. | CIVIL ACTION <br> No. 1:13-cv-4045-SCJ |
| CANAL STREET FILMS, INC., <br> Plaintiff, | CIVIL ACTION <br> No. 1:13-cv-4046-SCJ |

v.

JOHN DOE 5,

Defendant.

## ORDER

The above-listed matters are before the Court on Plaintiff's motion to take preliminary discovery [Doc. No. 2].

In these related copyright infringement actions, Plaintiff has moved to take alleges preliminary discovery, arguing that thus far it only has Defendants' internet protocol (IP) addresses and cannot identify Defendants by name unless the Court allows Plaintiff to obtain discovery from Defendants' internet service provider ("ISP"). Prior to filing the instant actions, Plaintiff had filed a complaint, *Canal Street Films, Inc. v. John Does 1-5*, No. 1:13-cv-1351-SCJ (NDGa, Apr. 24, 2013), against the John Does collectively. In that action, the Court severed the claims against John Does 2-5 and directed Plaintiff to file suit against each John Doe individually. It appears that Plaintiff has now elected to do so.

I. BACKGROUND

The complaints allege that Plaintiff own the copyright for the horror motion picture Scary of Die and that each Defendant downloaded an electronic copy of the motion picture, without permission, through a BitTorrent Client. Plaintiff describes

-2-

the BitTorrent Client as "a computer program that allows the sharing of large files across the internet" [Doc. No. 1, ¶10]. According to Plaintiff, to facilitate the downloading of a particular file using a BitTorrent program, a user initially makes a copy of the file ("seed"), which is then divided into several smaller files. Information relevant to the seed is recorded on a single file called a "torrent," which allows for the identification of all files comprising the seed. Upon obtaining a relevant torrent file, the BitTorrent Client user opens the file through the BitTorrent Client and begins the process of downloading files belonging to a seed, ultimately acquiring the entire file representing, for example, a complete motion picture or a song recording. Once a BitTorrent Client acquires a file that is a part of the seed, it transmits that file to those BitTorrent Client users who requests it. This action is repeated by the downstream BitTorrent Clients, creating a group of users who simultaneously share and download files ("swarm"). The files acquired by a particular user remain available to the other participants in the swarm as long as that user remains connected to the swarm. *Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *3 (N.D. Ill. Mar. 7, 2013).

Each of the complaints allege that Defendant used a BitTorrent Client to download and distribute portions of Plaintiff's copyrighted motion picture and "actively took part in overlapping parts of the same 'swarm'" [Doc. No. 1, ¶ 20].

## II. EARLY DISCOVERY

As it appears that Plaintiff will be unable to identify Defendants unless it is allowed to obtain identifying information corresponding to the ISP addresses it has obtained through its efforts, Plaintiff's requests for early discovery are GRANTED. Plaintiff may immediately serve a Rule 45 subpoena on the ISP identified in its motions. Any information ultimately disclosed to Plaintiff in response to the Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting, investigating, and resolving Plaintiff's rights as set forth in its complaints.

## III. CONCLUSION

For the above-mentioned reasons, Plaintiff's motion to take preliminary discovery [Doc. No. 2] is **GRANTED**. Any information ultimately acquired by Plaintiff in response to the Rule 45 subpoena served on the ISP may be used only as detailed above.

The Court retains discretion, under Rule 42(a), to consolidate these actions at a later stage in the litigation to the extent it appears that such consolidation will streamline the management of these cases.

**IT IS SO ORDERED**, this  11th  day of December, 2013.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE